**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KEYBANC CAPITAL MARKETS INC., | ) | CASE NO: 1:07-cv-1227 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| ALPINE BIOMED CORP., | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant | ) | |
| | ) | |
| | ) | |

This case has been referred to the undersigned Magistrate Judge for a report and recommendation on all pending motions. There are two motions currently pending before the Court: Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 6) and Defendant's Alternative Motion to Change Venue (Doc. No. 23). For the reasons set forth in the body of this Report and Recommendation, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 6) should be **DENIED AS MOOT** and Defendant's Alternative Motion to Change Venue (Doc. No. 23) should be **GRANTED**.

**I.  BACKGROUND**

Plaintiff, Keybanc Capital Markets ("KBCM"), is a division of McDonald Investment Company.  McDonald Investment Company is a subsidiary of KeyCorp.  KeyCorp maintains its headquarters in Cleveland, Ohio.  Defendant, Alpine Biomed Corp. ("Alpine"), is a California corporation headquartered in Fountain Valley, California.  Alpine designs, manufactures, and distributes sensor-based diagnostic devices and related accessories.  (Doc. No. 1-2, Cmplt. ¶ 3.)

Alpine sells its products to hospitals and other medical institutions. (*Id.*)

KBCM's Complaint alleges that Alpine breached a letter agreement ("the Agreement") between the parties on December 20, 2005. Under the Agreement, KBCM agreed to serve as the exclusive placement agent in connection with Alpine's efforts to obtain funding through the private placement of certain "Placement Securities." (Doc. No. 1-2, Cmplt. ¶ 7.) The Agreement contains a choice-of-law provision stating that any disputes will be governed by Ohio law, but does not contain a forum-selection clause. KBCM alleges that it received a letter from Alpine dated March 20, 2007, in which "Alpine expressly repudiated its obligation under the Agreement to pay any Placement Fee to KBCM under any circumstances, citing only "business reasons." (¶ 6.) KBCM's two-count Complaint seeks declaratory relief as well as damages for anticipatory breach of contract. (¶¶ 17-23.)

The following facts appear to be undisputed. The Agreement was negotiated, signed, and performed in California. (Doc. No. 6-3, Westcott Aff. ¶ 3.) Alpine had no communications with any representative of KBCM in Ohio and no contacts or dealings pertaining to the Agreement with anyone in Ohio. (*Id.* ¶ 9.) To the extent KBCM performed services for Alpine under the Agreement, the services were performed in California; no services were performed in Ohio. According to Alpine, KBCM represented to Alpine that its business address was in San Francisco, California. (*Id.* ¶ 4.) Alpine's March 20, 2007 letter was sent to KBCM in San Francisco. (*Id.* ¶ 4.)

Although the Agreement has no obvious relation to Ohio, Alpine has fifty Ohio customers. (Doc. No. 28-2, Alpine's Resp. to Inter. No. 2, Ex. A.) From its sales to Ohio customers, Alpine derived an estimated $24,000 in 2004, an estimated $67,000 in 2005,

$447,000 in 2006, and $283,597 through the first half of 2007. (Alpine's Resp. to Inter. No. 3.) Thus, Alpine's total sales in Ohio from 2004 through the first half of 2007 amount to approximately $821, 597. (*Id*.) Alpine's total sales for the same period exceeded $ 18 million. (*Id*.)

Alpine accepts sales orders from Ohio customers through its customer service department located in California. Alpine also operates a website through which Ohio customers can purchase its products directly. (Doc. No. 28, Ex. C.) Two of Alpine's current sales representatives are responsible for territories that include Ohio; these representatives have contact with Alpine's Ohio accounts at least weekly. (Alpine's Resp. to Inter. No. 5.) Alpine's technician has visited Ohio on one occasion in the past five years. (Alpine's Resp. to Inter. No. 6.) Alpine's vice president has visited Ohio approximately three times to visit accounts and interview potential sales representatives. (Alpine's Resp. to Inter. No. 5.)

KBCM's Complaint was originally filed in state court and was removed to this Court on April 25, 2007. (Doc. No. 1.) Alpine filed the currently pending motion to dismiss for lack of personal jurisdiction on May 18, 2007. (Doc. No. 6.) On June 4, 2007, Judge Oliver permitted KBCM to conduct limited jurisdictional discovery. (Doc. No. 8.) On August 30, 2007, before the motion to dismiss was fully briefed, Alpine filed an alternative motion to transfer venue to California. (Doc. No. 23.) Both motions are now fully briefed and ready for review.

## II. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A. Burden of Proof

The party asserting that personal jurisdiction exists bears the burden of proving it. *Theunissen v. Mathews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When faced with a motion to

dismiss for lack of personal jurisdiction, the Court may hold an evidentiary hearing or decide the issue on the basis of the briefs and affidavits alone. *Id.* When the Court determines the issue solely on the basis of the briefs and affidavits, as is the case here, the plaintiff must make a *prima facie* showing of personal jurisdiction. *Id*. The Court must view the pleadings, briefs and affidavits in the light most favorable to the plaintiff. *Id.* at 1459.

**B.  Personal Jurisdiction Under Ohio Law**

In a diversity case, a federal court may exercise personal jurisdiction over an out-of-state defendant only if the following two requirements are satisfied: (1) the law of the state in which the district court sits authorizes jurisdiction, and (2) the exercise of jurisdiction comports with the Due Process Clause. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citing *Compuserve* v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).

For jurisdiction to comply with the requirements of due process, the defendant must have "certain minimum contacts with the [forum state] such that the maintenance of the suit would not offend traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). A defendant's contacts with the forum state can give rise to two types of jurisdiction, specific and general. If the cause of action arises from or is related to the defendant's contacts with the forum state, the court may have specific jurisdiction over the defendant, even when the defendant's contacts with the state are limited. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Brunner*, 441 F.3d at 463. If the cause of action does not arise from or is not related to the defendant's contacts with the state, the court may exercise general jurisdiction over the defendant only if the defendant's contacts with the state are "continuous and systematic," such that the court's exercise of

jurisdiction would be fair as to any claim. *Kerry Steel v. Paragon Industries*, 106 F.3d 147, 149 (6th Cir. 1997); *Brunner*, 441 F.3d at 463.

In Ohio, the first prong of the personal jurisdiction inquiry is satisfied if the defendant's conduct falls within the requirements of Ohio's long-arm statute, Ohio Rev. Code § 2307.382. Section 2307.382 provides, in relevant part, as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action *arising from* the person's:
>
> (1) Transacting any business in this state;
>
> (2) Contracting to supply services or goods in this state;
>
> \* \* \*
>
> (C) When jurisdiction over a person is based *solely* upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

§ 2307.382 (emphasis added). Subsection (A) makes clear that for personal jurisdiction to exist under Ohio's long-arm statute, the cause of action must arise from the defendant's conduct in Ohio. The statute, therefore, contemplates only specific jurisdiction.

The Supreme Court of Ohio has stated that Ohio's long-arm statute does not extend to the requirements of the Due Process Clause. *Goldstein v. Christiansen*, 638 N.E.2d 541, 545 n.1 (Ohio 1994) ("Ohio has not extended long-arm jurisdiction to the limits of due process."). Based on this statement, a number of opinions from the Southern District of Ohio have concluded that Ohio does not recognize general jurisdiction. *Signom v. Schenk Fuels, Inc*., No. C-3-07-037, 2007 WL 1726492, at *3 (S.D. Ohio June 13, 2007); *U.S. Diamond & Gold v. Julius Klein Diamonds, LLC*, No. C-03-06-371, 2007 WL 1026421, at *4 (S.D. Ohio March 29, 2007); *NCR Corp. v. PC Connections, Inc.*, 384 F.Supp2d 1152 (S.D. Ohio 2005); *MacDonald v. Navistar*

*Int'l Trans. Corp.*, 143 F.Supp.2d 918, 923 (S.D. Ohio 2001). Alpine urges the Court to follow these decisions and contends that: (1) there is no specific jurisdiction in this case and (2) if Ohio law does not recognize general jurisdiction, the Court does not have personal jurisdiction over Alpine.

Contrary to the Southern District's decisions concluding that Ohio does not recognize general jurisdiction, the Sixth Circuit determined that Ohio law recognizes general jurisdiction. *Brunner*, 441 F.3d at 463. In *Brunner*, the Sixth Circuit stated that "there are two kinds of jurisdiction that can be exercised under Ohio law." It then quoted one of its previous decisions:

> Jurisdiction may be found to exist either *generally*, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or *specifically*, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's conduct with the forum state.

*Brunner*, 441 F.3d at 463 (quoting *Nationwide Mut. Ins., Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) (citations omitted) (emphasis added)). The *Brunner* court then conducted only a specific jurisdiction analysis because "the facts [did] not support and the appellants [did] not argue that [the defendant] engaged in 'systematic and continuous' conduct in Ohio." *Id*.

The Southern District of Ohio opinions cited above decline to follow *Brunner* because of *Brunner's* reliance on *Nationwide*. *See, e.g., U.S. Diamond & Gold*, 2007 WL 1026421, at *2; *Signom*, 2007 WL 1726492, at *3. These Courts discount the Sixth Circuit's statement in *Brunner* because *Nationwide* "does not specifically say that both general and specific jurisdiction *may be exercised under Ohio law*." *U.S. Diamond & Gold*, 2007 WL 1026421, at *2 (emphasis added).

It is true that the statement from *Nationwide* recognizing both general and specific

-6-

jurisdiction, quoted above, is not qualified by words such as "in Ohio" or "under Ohio law." However, when the statement is read in the context of the opinion, it is clear that the Sixth Circuit was setting forth the law applicable to the case before it, not expounding general legal principles. In the same paragraph, the court also set forth the standard of review, the source of law, and the two-prong requirement for the valid exercise of personal jurisdiction. It clearly set forth the applicable law in Ohio before engaging in an analysis. Furthermore, in *Nationwide*, the Sixth Circuit conducted a factual analysis of general jurisdiction and concluded that the defendant did not engage in continuous and systematic business in Ohio. *Nationwide*, 91 F.3d at 793-94 ("On these facts, we cannot say that Tryg International has engaged in 'continuous and systematic' business in Ohio such as would render Tryg generally amenable to suit in that state.").

The Federal Circuit also has concluded that Ohio recognizes both general and specific jurisdiction. *LSI Industries Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1169 (Fed. Cir. 2000). In *LSI,* the Federal Circuit applied Ohio law to the issue of whether the Southern District of Ohio properly dismissed a patent and trademark infringement case for lack of personal jurisdiction. Although the defendant conducted business in Ohio, the cause of action did not arise from the defendant's business in the state. The Federal Circuit concluded that, although the long-arm statute was not satisfied, the long-arm statute is not the only means of obtaining jurisdiction over out-of-state defendants, and that prong one of the personal jurisdiction inquiry may be satisfied "when the requirements outlined by the Ohio Supreme Court in *Perkins v. Benguet Consol. Mining Co.*, 107 N.E.2d 203 (Ohio 1952), are met." *LSI*, 232 F.3d 1371.

In *Perkins*, the Supreme Court of Ohio held that "when an out-of-state defendant

conducts 'continuous and systematic' business in Ohio, it is 'doing business' in Ohio and is amenable to service there, even if the cause of action did not arise from activity in Ohio." *Id*. at 1373. As the Federal Circuit explained:

> In essence, the Ohio Supreme Court adopted the federal due process general jurisdiction standard as a hook for prong one of the personal jurisdiction inquiry. That is, when an out-of-state defendant conducts continuous and systematic business in Ohio, it is doing business in Ohio and is amenable to process there, even if the cause of action did not arise from activity in Ohio.

*LSI*, 232 F.3d at 1373. The court added that although Ohio's long-arm statute was enacted after the *Perkins* decision, it did not "supplant the viability of *Perkins*." *Id.*

That the long-arm statute is not the only basis for jurisdiction in Ohio is further supported by the language of § 2307.382(C), which provides that "[w]hen jurisdiction is based *solely* upon this section, only a cause of action arising from the conduct enumerated in this section may be asserted against him." § 2307.382(C) (emphasis added). If the long-arm statute were the sole basis for jurisdiction in Ohio, the first portion of the sentence – "when jurisdiction is based solely upon this section"– would be unnecessary. Its inclusion necessarily implies that the long-arm statute is not the only basis for jurisdiction in Ohio.

Based on *Nationwide* and *Brunner*, the Federal Circuit's well-reasoned analysis of *Perkins* in *LSI*, and the language of the long-arm statute, this Court is of the view that Ohio law recognizes general jurisdiction. Furthermore, numerous decisions from the Northern District and the Southern District of Ohio conclude that Ohio law recognizes general jurisdiction. See, e.g., *Estate of Dorothy Thompson v. Toyota Motor Corp. Worldwide*, No. 1:06CV2431, 2007 U.S. Dist. LEXIS 44344, at 4 (N.D. Ohio June 19, 2007); *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, No. 2:06-cv-126, 2006 U.S. Dist. LEXIS 78909, at *18-22 (S.D. Ohio October 24, 2006);

*Microsys Computing, Inc. v. Dynamic Data Systems, LLC*, No. 4:05 CV 2205, 2006 U.S. Dist. LEXIS 53397, at *10-11 (N.D. Ohio August 2, 2006); *Masko v. Family R.V. Center*, No. 4:05CV2593, 2006 U.S. Dist. LEXIS 50261, at *7-8 (N.D. Ohio July 24, 2006); *Peninsula Asset Mgmt v. Hankook Tire Co.*, No. 5:04 CV 1153, 2006 U.S. Dist. LEXIS 9856, at *5-6 (N.D. Ohio March 13, 2006); *Pierson v. St. Bonaventure Univ.*, No. 2:05-cv-0581, 2006 U.S. Dist. LEXIS 4662, at *10-12 (S.D. Ohio January 23, 2006); *Hunter v. Mendoza*, 197 F. Supp.2d 964, 969-71 (N.D. Ohio 2002). There have been only "a smattering of lower court decisions which have expressed the view that Ohio does not recognize the concept of general jurisdiction." *Pierson*, 2006 U.S. Dist. LEXIS 4662, at * 11-12.

Although the Court adopts the view that Ohio recognizes general jurisdiction, the Court need not determine whether personal jurisdiction exists in this case. Even if Alpine conducted "systematic and continuous" business in Ohio, venue should be transferred to the Central District of California for the reasons set forth in Section III, below. A court may order transfer of venue whether or not it has personal jurisdiction over the defendant. *Edminson v. Vision Investment & Develop. Co., LLC*, Case No. 1:06-cv-1108, 2006 U.S. Dist. LEXIS 93083, at *13-14 (N.D. Ohio Dec. 22, 2006) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). Thus, even if the Court lacks personal jurisdiction over Alpine, it may still transfer the case to a more proper forum.

### III. MOTION TO TRANSFER VENUE

While proper venue is generally determined in accordance with § 1391, where, as here, a case is removed from state court to federal court, the removal statute, 28 U.S.C. § 1441, governs venue. *Polizzi v. Cowles Magazines*, 345 U.S. 663, 665, 73 S. Ct. 900, 97 L. Ed. 1331 (1953).

Section 1441(a) provides that "the district court of the United States for the district and division embracing the place where such action is pending" is the proper venue of a removed action. § 1441(a).  Because this case was filed in the Cuyahoga County Court of Common Pleas and Alpine voluntarily removed it to this Court, venue is proper in this Court.  *See Kotan v. Pizza Outlet, Inc.*, 400 F. Supp. 2d 44, 46 (D.D.C. 2005) (citing *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317, 320 (S.D. Miss. 1989) ("Defendant's voluntary application for removal confers venue over him.")).

Where venue is properly in the transferor court, 28 U.S.C. § 1404(a) governs transfer. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The party seeking to transfer venue bears the burden of proving the need for transfer.  *Edminson*, 2006 U.S. Dist. LEXIS 93083 at *13 (citation omitted).

As § 1404(a) permits transfer only to a "district or division where [the case] might have been brought," the Court must first determine whether the action originally could have been filed in the proposed transferee court.  Thus, the Court must find that the following three criteria are satisfied: (1) the proposed transferee court must have subject matter jurisdiction over the case; (2) the defendant must be subject to personal jurisdiction in the proposed transferee court; and (3) venue must be proper there.  *Edminson*, 2006 U.S. Dist. LEXIS 93083, at *14 (citation omitted).  These requirements are satisfied in this case.  The Central District of California would have subject matter jurisdiction over the action based on diversity of citizenship because the parties are from different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Alpine is subject to personal jurisdiction in the Central District of California because it is

-10-

a citizen of California.  Venue would be proper in the Central District of California because Alpine resides in Orange County, California, which is part of the Central District of California. § 1391(a)(1) (providing that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same state").  Venue would be proper in the Central District of California also because a substantial part of the actions giving rise to KBCM's claims arose there.  § 1391(a)(2) (providing that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

The Court must next consider factors such as the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice."  *Edminson*, 2006 U.S. Dist. LEXIS 93083, at *15 (quoting *T&W Forge, Inc. v. V&L Tool, Inc.*, Case No. 05-CV-1637, 2005 U.S. Dist. LEXIS 24619, at *28 (N.D. Ohio Oct. 24, 2005)).  The plaintiff's choice of forum should be given little weight where "none of the conduct complained of occurred in the forum selected by the plaintiff."  *Edminson*, 2006 U.S. Dist. LEXIS 93083, at *15 (citing *Neff Ath. Lettering Co. v. Walters*, 524 F. Supp. 268, 272 (S.D. Ohio 1981)).  A motion to transfer venue may be granted with less showing of inconvenience to the moving party than is required in a *forum non conviens* motion.  *Edminson*, 2006 U.S. Dist. LEXIS 93083, at *15 (citing *Travelers Cas. & Sur. Co. v. Phila. Reins. Corp.*, Case No. 3:01 CV 7058, 2001 U.S. Dist. LEXIS 10913, at *4-5 (N.D. Ohio May 10, 2001)).

This litigation is fundamentally connected to California.  Alpine is a California corporation.  Although KBCM's parent company is headquartered in Ohio, KBCM's business office, with which Alpine exclusively dealt, is in California.  The contract was negotiated,

executed, and performed in California.  For all these reasons, California has a substantial interest in resolving this case.

Moreover, in considering the interests of justice, the Court finds that it would be unfair to require Alpine to travel to Ohio to defend itself.  Alpine contracted with KBCM, whose office is located in California, not KBCM's parent company headquartered in Ohio.  KBCM represented to Alpine that its business address was in California.  (Westcott Aff. ¶ 4.)  As stated above, the contract was negotiated, executed, and performed in California and, according to Alpine, its witnesses and documents are located in California.  In light of these facts, it would be unfair and unreasonable to require Alpine to travel to Ohio to defend against this action.

KBCM argues that venue should remain in the Northern District of Ohio because the lawsuit will affect the rights and interests of an Ohio corporation, some of KBCM's witnesses and documents are located in Ohio and in other states closer to Ohio than to California, and Ohio has an interest in the case because the dispute is governed by Ohio law.  While these reasons lend some support to KBCM's position, they simply do not outweigh the compelling reasons for transfer.

Alpine has persuasively identified several reasons why this action should be adjudicated in California.  Both the private and public interest factors favor transfer.  Accordingly, whether or not the Court has personal jurisdiction over Alpine, venue should be transferred to the Central District of California.

For the foregoing reasons, Alpine's motion to change venue (Doc. No. 23) should be **GRANTED** and Alpine's motion to dismiss for lack of personal jurisdiction (Doc. No. 6) should be **DENIED AS MOOT**.

                                                                                                                        s/ *Nancy A. Vecchiarelli*
Date: March 7, 2008                                                                            United States Magistrate Judge

## OBJECTIONS

      **Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**